UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

v.                                               **MEMORANDUM AND ORDER**
                                                      11-CR-857-5 (WFK)

JOSE CELESTINO GUILLEN-RIVAS,

                Defendant.
-------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**

On December 2, 2015, Defendant Jose Celestino Guillen-Rivas ("Defendant") pleaded guilty to Conspiracy to Assault Resulting in Serious Bodily Injury in-aid-of Racketeering. ECF No. 299 ("Guilty Plea"). The Court hereby sentences Defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c).

## BACKGROUND

On May 16, 2014, Defendant was sentenced by this Court to one hundred and twenty months of imprisonment, to be followed by five years of supervised release, for one count of Conspiracy to Tamper with a Witness Using Physical Force pursuant to 18 U.S.C. § 1512. ECF No. 249. On August 17, 2015, the United States Court of Appeals for the Second Circuit issued an order remanding the matter to this Court with instructions to vacate Defendant's conviction and guilty plea. ECF No. 277. This Court vacated Defendant's conviction and plea on August 20, 2015. ECF No. 279.

On December 2, 2015, Defendant waived indictment and pleaded guilty to a Superseding Information that charged Defendant with Conspiracy to Assault Resulting in Serious Bodily Injury in-aid-of Racketeering under 18 U.S.C. § 371. *See* ECF No. 297 ("Information"); ECF No. 296 ("Waiver of Indictment"); Guilty Plea at 1. The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence pursuant to 18 U.S.C. § 3553(c)(2).

1

## DISCUSSION

### I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. When the District Court chooses to impose a sentence outside of the Sentencing Guidelines range, the Court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The Court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form[.]" *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under [Section] 3553(a)." *United States v. Davis*, 08-CR-332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.) (internal quotation marks and citation omitted). Section 3553(a) provides a list of reasons for the Court to consider in choosing what sentence to impose on a criminal defendant.

The Court addresses each of the 18 U.S.C. § 3553(a) factors in turn.

### II. Analysis

#### 1. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first 18 U.S.C. § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the [D]efendant." 18 U.S.C. § 3553(a)(1). Proceeding chronologically, the Court addresses first the history and characteristics of the Defendant and then the nature and circumstances of the offense. Based on these factors, a significant sentence is justified.

### a. History and Characteristics of Defendant

Defendant was born on April 14, 1980, in La Libertidad, El Salvador. *See* ECF No. 312 ("PSR") ¶ 71. He was raised under poor conditions by his mother and his grandparents, as his father died during his mother's pregnancy. *Id.* Defendant completed five years of schooling in El Salvador, but ceased attending school to work. *Id.* ¶ 83. He has never married, is not in a relationship, and has no children. *Id.* ¶ 73. From 2006 to his arrest in January of 2012, Defendant was employed "off-the-books" as a cook at PHO 2000, a restaurant in Herndon, Virginia. *Id.* ¶ 87.

Defendant illegally entered the United States at age 16. *Id.* ¶ 75. According to Immigration and Customs Enforcement records, a warrant for Defendant's removal was issued on December 18, 1996 and remains outstanding to this day. *Id.* ¶76.

Defendant has two prior convictions. On January 13, 2004, he was convicted of Failure to Pay Time and Attention in Fairfax County General District Court in Vienna, Virginia. *Id.* ¶ 63. He was sentenced to a $30.00 fine and was required to pay $55.00 in court costs. *Id.* On November 10, 2004, at the age of twenty-four, Defendant was convicted of two counts of Public Swearing/Intoxication and one count of Trespass – Church/School Property in Fairfax County General District Court in Fairfax, Virginia. *Id.* ¶ 64. Defendant was sentenced to a $65.00 fine and was required to pay $134.00 in court costs for the Public Swearing/Intoxication counts, and $6.00 in court costs for the Trespass count. *Id.*

Defendant has been arrested two other times. On July 9, 1996, Defendant was arrested by the Immigration and Naturalization Service in Imperial, California, and was removed to Mexico. *Id.* ¶ 68. On April 28, 2005, Defendant was arrested for Prostitution Solicitation in Washington, D.C. *Id.* ¶ 69. That case was dismissed on July 29, 2005. *Id.*

Defendant has tattoos on his body associated with being a member of the gang La Mara Salvatrucha, also known as MS-13. *Id.* ¶ 74. He declined, however, to discuss his affiliation with the gang in presentence interviews with the Probation department. *Id.*

In addition to the conduct described above, Defendant made false statements in an application for alien registration on August 25, 2007. *Id.* ¶ 28. Defendant falsely stated on his United States Citizenship and Immigration Form 1-821 that he had not been arrested, cited, charged, indicted, fined, or imprisoned for breaking or violating any law or ordinance, excluding traffic violations. Id. Defendant, however, was convicted on November 10, 2004 of Public Swearing/Intoxication and Trespass Church/School Property in Fairfax County General District Court in Virginia. *Id.*

### b. Nature and Circumstances of the Offense

Defendant's offense is particularly disturbing because of the organization on whose behalf it was committed. MS-13 has grown from a small Salvadorian street gang into an international terrorist organization recognized by both the United States Treasury and the Supreme Court of El Salvador.[1] *Id.* ¶ 2.

MS-13 has a hierarchical structure, with the leaders of smaller chapters, or "cliques," reporting to a state-wide council, which in turn reports to a coastal council that receives its orders directly from gang leadership in El Salvador. *Id.* ¶ 3. At the time of induction, new MS-13 members swear an oath to shoot, stab, and otherwise injure members of other gangs. *Id.* Gang

---

[1] *See* Press Release, U.S. Dep't Treasury, Treasury Sanctions Latin American Criminal Organization (Oct. 11, 2012); Vishakha Sonawane, *El Salvador Declares Street Gangs As Terrorist Groups, Supreme Court Rules*, Int'l Bus. Times (Aug. 25, 2015, 3:15 A.M.), http://www.ibtimes.com/el-salvador-declares-street-gangs-terrorist-groups-supreme-court-rules-2066665.

membership is considered a lifetime commitment; only on rare occasions may clique members vote on whether an individual can leave the gang. *Id.*

The primary purpose of MS-13 is to promote and enhance its own prestige, reputation, and territorial position with respect to rival criminal enterprises. *Id.* ¶ 6. Gang members strive to achieve these ends through intimidation, threats of violence, drug trafficking, robbery, assault, and murder. *Id.*

MS-13 is funded primarily through street-level cocaine sales and robberies. *Id.* ¶ 4. The gang maintains a vast inventory of firearms, ammunition, and knives, which are issued to members for specific assaults or murders and then returned to the clique's central stockpile. *Id.* Clique members routinely carry out directives from regional, national, and international MS-13 leaders to kill witnesses, rival gang members, and cooperating or defecting MS-13 members. *Id.*

Defendant committed the instant offense as a member of the Flushing clique, one of four MS-13 cliques in Queens, New York. *Id.* ¶ 8. Between December 31, 2010, and February 4, 2011, Defendant cooperated with the leader of the Flushing clique in an attempt to assault a fellow MS-13 member, John Doe #5, whom Defendant suspected of cooperating with law enforcement. *Id.* ¶ 25. At that time, John Doe #5 was in fact a witness in the first degree murder trial of MS-13 member Boris Juarez-Ascencio in Prince William County Circuit Court in Virginia. *Id.* Defendant, along with co-defendant Christian Merino and other MS-13 members, had third parties contact John Doe #5 in an attempt to locate him and gain his trust. *Id.* ¶ 26. Defendant and Merino planned to assault John Doe #5 upon determining his location, but their plot ultimately failed. *Id.* Defendant was arrested on January 5, 2012, and admitted to his involvement in the conspiracy to assault. *Id.* ¶ 32.

Defendant was also involved in a conspiracy to harbor aliens with Merino and co-defendant Rudy Guembes-Lorena. *Id.* ¶ 21. Between December 2010 and December 30, 2011, Defendant, along with others, discussed bringing two MS-13 members from Texas to New York in order to help run the MS-13 clique in Flushing, Queens. *Id.* The Government has been unable to identify the two individuals discussed in Defendant's conspiracy. *Id.*

### 2. The Need for the Sentence Imposed

The second 18 U.S.C. § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

Defendant's significant sentence is necessary to accomplish the purposes of reflecting the seriousness of the offense, promoting respect for the law, and providing just punishment. *See id.* § 3553(a)(2)(A). The Court finds a significant sentence of incarceration necessary to afford adequate deterrence, both specific and general. *See id.* § 3553(a)(2)(B).

Defendant conspired with other member of MS-13 to assault a witness for the prosecution in a first degree murder trial against a fellow gang member. Such an attack would have caused the witness serious bodily injury, and it would have impeded the administration of justice and intimidated other potential witnesses from coming forward in gang-related cases.

There is a substantial risk that Defendant will revert to criminal activity in the future, as MS-13 is a notoriously merciless gang that rarely allows members to leave its ranks. The Court will protect the public, and achieve specific deterrence, by incarcerating Defendant. Regarding

general deterrence, the Court finds that a significant sentence will "send a clear message that any involvement in [street] gangs will result in a substantial period of incarceration." *United States v. Pender*, 07-CR-874, 2009 WL 1013500, at *2 (E.D.N.Y. Apr. 14, 2009) (Weinstein, J.).

### 3. The Kinds of Sentences Available

The third 18 U.S.C. § 3553(a) factor requires the Court to discuss "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Conspiracy to Assault Resulting in Serious Bodily Injury in-aid-of Racketeering under 18 U.S.C. § 371. *See* Guilty Plea at 1. This count carries a maximum imprisonment term of five years, 18 U.S.C. § 371, and a maximum supervised release period of three years, 18 U.S.C. § 3583(b)(2). In addition, because this Count is a Class D Felony, Defendant is eligible for between one and five years of probation, with one or more of the following conditions unless extraordinary circumstances exist: a fine, restitution, or community service. *Id.* §§ 3561(c)(1), 3563(a)(2). This Count also carries a maximum fine of $250,000.00, *id.* § 3571(b), and a mandatory special assessment of $100.00, *id.* § 3013. Because no loss has been identified in this case, restitution is not applicable. 18 U.S.C. § 3663A. Accordingly, the Court's sentence falls within the kinds of sentences available to Defendant.

### 4. The Kinds of Sentence and the Sentencing Range Established For Defendant's Offenses

The fourth 18 U.S.C. § 3553(a) factor requires the Court to detail "the kinds of sentence and the sentencing range established for [] the applicable category of offense committed by the applicable category of defendant[.]" 18 U.S.C. § 3553(a)(4)(A).

Guideline 2E1.1(a)(2) provides that the base offense level for Conspiracy in-aid-of Racketeering be derived from the guideline for the underlying offense. U.S. Sentencing Guidelines Manual § 2E1.1(a)(2) (U.S. Sentencing Comm'n 2015) ("U.S.S.G."). The underlying

7

offense is Conspiracy to Assault, to which Guideline 2X1.1 applies. *Id.* § 2X1.1. Guideline 2X1.1(a) instructs that the base offense level for Conspiracy to Assault is the offense level for the underlying offense, plus any adjustments for intended conduct that can be established with reasonable certainty. *Id.* § 2X1.1(a). Accordingly, Defendant has a base offense level of fourteen pursuant to Guideline 2A2.2, which governs convictions for Aggravated Assault. *Id.* § 2A2.2.

Two offense levels are added because Defendant engaged in more than minimal planning by speaking with co-defendants to coordinate the attack. *Id.* § 2A2.2(b)(1). An additional five-level enhancement is warranted because Defendant sought to inflict serious bodily injury upon the victim. *Id.* § 2A2.2(b)(3)(B). Because Defendant willfully obstructed the first degree murder prosecution of another MS-13 member by conspiring to assault John Doe #5, a witness in that trial, an enhancement of two offense levels is permitted by the guidelines. *Id.* § 3C1.1.

Defendant accepted responsibility for his actions and entered a timely plea of guilty to the Information. Because his aforementioned obstructive conduct occurred prior to, and not after, his arrest on the instant charges, Defendant is entitled to a three-level reduction pursuant to Guideline 3E1.1. *Id.* § 3E1.1.

Taking all adjustments into account, Defendant's offense level is twenty. *See* ECF No. 315 ("Gov't Mem.") at 2. With a criminal history category of I, Defendant's guidelines sentencing range is thirty-three to forty-one months. *See* U.S. Sentencing Guidelines Manual Sentencing Table (U.S. Sentencing Comm'n 2015). Defendant is eligible for a supervised release term of one to three years. U.S.S.G. § 5D1.2(a)(2). Defendant is ineligible for probation because the applicable guidelines range is in Zone D of the Sentencing Table. *Id.* § 5B1.1,

comment (n.2). The guidelines suggest a fine within the range of $15,000.00 to $150,000.00. *Id.* § 5E1.2(c)(3).

### 5. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth 18 U.S.C. § 3553(a) factor requires the Court to evaluate "any pertinent policy statement [] issued by the Sentencing Commission[.]" 18 U.S.C. § 3553(a)(5).

Policy Statement § 5K2.0 provides that the Court may depart upward from the applicable Guidelines sentencing range if aggravating circumstances exist. U.S.S.G. § 5K2.0. Defendant's case presents such a circumstance: prior to his arrest, Defendant was involved in a conspiracy to harbor aliens, and he provided false statements in an application for alien registration. PSR ¶ 104.

Additionally, Defendant illegally entered the United States in 1996. PSR ¶ 105. Pursuant to Policy Statement § 4A1.3, Defendant's illegal entry is an aggravating factor that the Court may consider in departing upward from the Guidelines. *See* U.S.S.G. § 4A1.3.

### 6. The Need to Avoid Unwarranted Sentence Disparities

The sixth 18 U.S.C. § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Defendant pled guilty to Conspiracy to Assault Resulting in Serious Bodily Injury in-aid-of Racketeering, which carries a maximum imprisonment term of five years of incarceration. *See* Guilty Plea at 1; 18 U.S.C. § 371. In his plea agreement, Defendant agreed not to seek a sentence below sixty months, or five years, of imprisonment. See ECF No. 298 ("Plea Agreement"). Accordingly, a sentence of up to five years imprisonment is not beyond the

pale for Defendant's crime, and adequately avoids disparities with other federal sentences which recognize the severity of such a crime.

### 7. The Need to Provide Restitution

Lastly, the seventh 18 U.S.C. § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Because no loss has been identified in Defendant's case, restitution is not applicable. *See id.* § 3663A. Accordingly, this factor is not relevant.

## CONCLUSION

Defendant is hereby sentenced to sixty (60) months of imprisonment and three (3) years of supervised release. Such a sentence, in addition to the $100.00 mandatory assessment fee, is sufficient but no greater than necessary to accomplish the purposes of 18 U.S.C. § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report, with the exception of the sentencing guidelines calculation contained therein, and imposes the special conditions of release requested by Probation.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: June 22, 2016
      Brooklyn, New York